IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| James Morris, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 3:17-3051-TLW |
| City of Columbia, | ) |
|     Defendant. | ) |

**ORDER**

Plaintiff James Morris filed this employment action against his former employer, Defendant City of Columbia, on October 6, 2017 in the Court of Common Pleas for Richland County, South Carolina. ECF No. 1. Defendant filed a notice of removal to this Court on November 9, 2017, and a motion for summary judgment on December 21, 2018. ECF Nos. 1, 27. Plaintiff filed a response in opposition on January 4, 2019. ECF No. 28. Defendant replied on January 11, 2019. ECF No. 30. This matter is now before the Court for review of the Report and Recommendation (the Report) filed by United States Magistrate Judge Kevin McDonald, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g), (D.S.C.). The Report recommends that Defendant's motion be granted as to Plaintiff's § 1983 cause of action for First Amendment retaliatory discharge and denied as to Plaintiff's Title VII cause of action for race discrimination. ECF No. 34. Plaintiff filed an Objection to the Report on July 2, 2019, and Defendant filed an Objection to the Report on July 3, 2019. ECF Nos. 38, 39. Both parties filed respective Replies to the Objections and Plaintiff filed a Surreply. ECF Nos. 41, 42, 45. The matter is now ripe for disposition.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**I.    Plaintiff's Objection to the Recommendation on Plaintiff's 42 U.S.C. § 1983 Claim**

The Magistrate Judge recommends that the Court dismiss Plaintiff's 42 U.S.C. § 1983 speech claim because Plaintiff failed to show that any policy of Defendant caused the alleged constitutional violation. Under Fourth Circuit law, a policy for which a municipality may be held liable under § 1983 can arise "through the decision of a person with final policymaking authority." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). Plaintiff argues that the policy for which Defendant is allegedly liable arose through the decision to terminate his employment by the City Manager, who he alleges has final policymaking authority. *See Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987) ("While municipal 'policy' is found most obviously in municipal ordinances, …it may also be found in formal or informal *ad hoc* 'policy' choices or decisions of municipal officials authorized to make and implement municipal policy.") The question of "whether an official had final policymaking authority is a question of state law." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

As written, South Carolina law distinguishes between "final" policymaking authority and the authority to make discretionary decisions. Pursuant to S.C. Code Ann. § 5-13-90, a city

manager is legally vested with the responsibility to direct, supervise, appoint, and remove municipal employees in a council-manager form of government. *Bunting v. City of Columbia*, 639 F.2d 1090, 1093–94 (4th Cir. 1981) (South Carolina law empowers the city manager to dismiss any city employee); *Bane v. City of Columbia*, 480 F. Supp. 34, 39 (D.S.C. 1979) (same). Defendant City of Columbia's Fire Chief Aubrey Jenkins, with the support of City Manager Teresa Wilson, terminated Plaintiff's employment in this case. However, as the Magistrate Judge observes, the Code does not specifically vest a city manager with <u>final</u> policymaking authority. Instead, "…the determination of all matters of policy [is] vested in the municipal council." S.C. Code Ann. § 5-13-30. For municipal liability to attach, Plaintiff must show that the city council delegated to City Manager Wilson its authority to establish employment policy for Defendant. The record does not reflect that the city council did so. As the Supreme Court has stated:

> Municipal liability attaches only where the decisionmaker possesses <u>final</u> authority to establish municipal policy with respect to the action ordered. The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable.

*Pembaur*, 475 U.S. at 481–83 (emphasis added). In his Objection, Plaintiff argues that § 2-150 of the City of Columbia Ordinances vests the City Manager with final authority over City employment policies. While the language of this specific ordinance was not provided, state law says that the authority to determine "all matters of policy is vested in the municipal council." The Court concludes that the evidence does not show that the City of Columbia delegated "final" official policymaking authority to City Manager Wilson. Plaintiff has not provided any persuasive evidence, nor any decision or ordinance, that shows city council delegated final policymaking authority to the City Manager. Without such delegation, the municipality is not liable. Thus, the

3

Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's § 1983 claim.

**II.     Defendant's Objection to the Recommendation on Plaintiff's Title VII Claim**

Defendant City of Columbia objects to the Magistrate Judge's recommendation that Plaintiff's race discrimination claim be presented to a jury. Defendant argues that summary judgment should be granted because (1) Plaintiff's evidence was insufficient to support a conclusion that the legitimate reasons offered for Plaintiff's termination were false, (2) Plaintiff did not identify suitable comparators, and (3) a jury should not be allowed to substitute its judgment for statutorily designated decision-makers regarding discipline to be imposed in response to employee misconduct.

As the Report states, Plaintiff posted the following statements on Facebook on July 10, 2016:

> Idiots shutting down I-126. Better not be there when I get off work or there is gonna be some run over dumb asses.
>
> …
>
> Public Service Announcement:
> If you attempt to shut down an interstate, highway, etc on my way home, you best hope I'm not one of the first vehicles in line in line because your ass WILL get run over! Period! That is all….

Plaintiff was terminated on July 11, 2016, by Chief Jenkins for posting "statements on social media threatening the lives of citizens that we are to protect." City Manager Wilson stated, "I support the actions" taken by Chief Jenkins, further stating that, "actions taken to communicate or demonstrate a lack of respect for the lives and safety of others falls in to the category of 'zero tolerance.'"

In his Reply to Defendant's Objections to the Report, Plaintiff asserts that the Magistrate Judge found that Plaintiff "proffered valid comparators" (i.e., other firefighters) who also made statements (set forth in the Report) about the protestors but were not sanctioned as harshly as Plaintiff. As the Magistrate Judge and counsel for Plaintiff and Defendant note in their analysis of

4

the relevant issues, both United States Supreme Court caselaw and Fourth Circuit caselaw "require Plaintiff to demonstrate suitable comparators who were treated more favorably because of their race." The summary judgment issue turns on the "comparator analysis."

Further, Fourth Circuit precedent establishes that the appropriate focus in evaluating a prima facie case of race discrimination in the disciplinary context is the "comparable seriousness" of similar offenses. This Court has considered the following cases that provide clear guidance in the pending matter: *Cook v. CSX Transp. Corp.*, 988 F.2d 507, 511 (4th Cir. 1993) (finding that plaintiff engaged in misconduct of comparable seriousness to that of employees of another race who violated the same rule but were not terminated); *Anthony v. South Carolina Dept. of Corrections*, 2007 WL 1032440, *4 (D.S.C. Mar. 30, 2007) (denying summary judgment where "a reasonable jury could find that Plaintiff committed violations similar to those of SCDC employees of another race, but was subject to harsher disciplinary action."). As the Magistrate Judge observes, the Fourth Circuit in a recent case stated that "a comparison between similar employees 'will never involve precisely the same set of work-related offenses occurring over the same period of time and under the same sets of circumstances.'" *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223–24 (4th Cir. 2019) (citing *Cook*, 988 F.2d at 511).

Defendant asserts that Plaintiff's Facebook post is distinguishable from the comparators' posts because of "the personal nature and severity of Plaintiff's repeated threats," adding that "nothing in the record suggests that similar threatening, disruptive conduct [was] overlooked or ignored." While Defendant argues that the comparators' posts are less egregious because they contain no direct threats to members of the public and did not evoke the same public response as Plaintiff's posts, Chief Jenkins stated in deposition testimony that he viewed Plaintiff's posts as threatening and that at least one of the comparators' posts "could possibly…be" viewed as a threat.

5

That comparator stated, in part, in a post, "when you protest in the street, that is impeding traffic…you're just pretending to be a speed bump." The same comparator also posted a statement, in connection with a food service provider refusing to serve firefighters, "I hope you bitches have insurance." Plaintiff further offers evidence that he and two other white firemen were terminated while other similarly situated black firemen who made similar posts were not terminated, which reasonably brings into question "the perception of the decision maker." *DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998). After a careful review of the controlling, cited caselaw and facts, noting the Magistrate Judge's recommendation, the Court concludes that Plaintiff has established questions of fact as to whether Plaintiff's posts and the comparators' posts were comparably serious offenses, whether the decision to terminate Plaintiff was more severe than noted comparators who were treated more leniently, and whether Defendant's reason for terminating Plaintiff was pretext for race discrimination.

The Court has carefully reviewed the Report and the Objections thereto in accordance with the relevant standard. Additionally, as noted, this Court has reviewed and applied Fourth Circuit caselaw relevant to the issues raised in the Report and the Objections. After review, the Court concludes that the Magistrate Judge did not err in his conclusions to grant in part and deny in part Defendant's motion for summary judgment. Accordingly, the Report and Recommendation, ECF No. 34, is **ACCEPTED**. Therefore, Defendant's motion, ECF No. 27, is **GRANTED IN PART** and **DENIED IN PART**.

    **IT IS SO ORDERED.**

    *s/ Terry L. Wooten*
    Terry L. Wooten
    Senior United States District Judge

August 14, 2019
Columbia, South Carolina